UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| VINCENT D. WOODRUFF, | ) |
| | ) |
| Plaintiff | ) |
| | )   No. 2:13-0085 |
| v. | )   Judge Sharp/Brown |
| | )   **Jury Demand** |
| W.B. MELTON, SHANNON HARVEY, | ) |
| JOHN McCLOUD, and DEBBIE DECK, | ) |
| | ) |
| Defendants | ) |

**TO:  THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

Presently pending is a motion to dismiss by the Defendant John McCloud (Docket Entry 52), which is supported by a memorandum of law (Docket Entry 53).

The scheduling order in this case (Docket Entry 58) provided that any response to a dispositive motion would be due 28 days after service of the motion.

In this case the motion to dismiss was served on May 25, 2014. The Plaintiff has not filed a response to the motion, nor has the Plaintiff asked for additional time within which to conduct additional discovery, in accordance with Federal Rule of Civil Procedure 56.

For the reasons stated below, the Magistrate Judge recommends that the motion to dismiss the Defendant John McCloud be granted and the claims against him dismissed with prejudice.

**BACKGROUND**

The complaint Docket Entry 1 alleges that Mr. McCloud was a jail administrator of the Overton County Jail. In his complaint, filed on September 20, 2013, Plaintiff alleges in Section IV, Statement of Facts, that some time in or near the month of November 2010 a prisoner was found to have committed suicide and Plaintiff requested permission to go to the law library to look up state rules concerning inmate housing and other relief. He alleged that after several weeks of no answer he filed a grievance for access to the law library, which was not answered. He further alleges in the same paragraph that Defendant McCloud was replaced as jail administrator by Defendant Harvey sometime in February 2011.

Defendant McCloud alleges that all claims against him are barred by the one-year statute of limitations set forth in T.C.A. § 28-3-104(a)(3) and that the Tennessee statute is used as the statute of limitation for claims in this case under 42 U.S.C. § 1983.

Defendant McCloud is mentioned only briefly in the complaint. The Plaintiff alleges that McCloud left his employment with Overton Jail in February 2011. His complaint was not filed until September 20, 2013, more than two years after any claim against Defendant McCloud could have occurred.

The Plaintiff has filed nothing in opposition to this motion, nor has he requested permission to amend his complaint to

allege additional details concerning McCloud or to change the dates that he alleged McCloud left employment as the jail administrator.

## LEGAL DISCUSSION

The Magistrate Judge believes that Defendant McCloud's memorandum of law is well-taken and correctly cites the law in this matter. The Plaintiff's claims are barred by the one-year statute of limitations and, accordingly, Defendant McCloud is entitled to dismissal of all claims against him with prejudice.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the motion to dismiss be GRANTED and that all claims against Defendant McCloud be dismissed with prejudice. The Magistrate Judge further recommends that any appeal from the dismissal of this Defendant not be recommended as taken in good faith.[1]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further

---

[1] The case remains under a scheduling order (Docket Entry 58), which governs the remaining Defendants.

3

appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 12th day of August, 2014.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge