# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| VINCENT D. WOODRUFF, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:13-00085 |
| | ) Judge Sharp/Brown |
| SHERIFF W.B. MELTON, ET AL., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

For the reasons explained below, the Magistrate Judge **RECOMMENDS** that: **1)** the motions for summary judgment presently before the court (Docs. 81 and 87) be **GRANTED**; **2)** this action be dismissed against the moving parties for failure to exhaust and for failure to state a claim on which relief may be granted; **3)** this action be **DISMISSED WITH PREJUDICE**; **4)** dismissal of this action **COUNT AS A STRIKE** under 28 U.S.C. § 1915(g); **5)** acceptance and adoption of this Report and Recommendation (R&R) constitute the **FINAL JUDGMENT** in this action; **6)** any appeal **NOT BE CERTIFIED** as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); **7)** any pending motions be **TERMINATED AS MOOT**.

## I.  INTRODUCTION
## AND
## BACKGROUND

Plaintiff proceeding *pro se* and *in forma pauperis* was a prisoner in the Overton County Jail (OCJ) when he brought this action under 42 U.S.C. § 1983 alleging violations of his rights under the First, Fifth, Sixth, and Eighth Amendments.[1] (Doc. 1)  Because plaintiff was a prisoner at OCJ when he brought this action, this case is subject to the Prison Litigation Reform Act (PLRA).[2]

---

[1] Plaintiff did not allege any violations of State law in his complaint, nor can it be liberally construed from the complaint that he intended to.

[2] Plaintiff was released from custody subsequent to filing the complaint. (Doc. 41)

The complaint named the following defendants: 1) W.B. Melton, Sheriff of Overton County; 2) Shannon Harvey, OCJ administrator; 3) John McLeod, former OCJ administrator; 4) nurse Debbie Deck, OCJ medical team administrator; 5) John Meadows III, defense counsel; 6) Art Johnson, defense counsel. (Doc. 1, pp. 5-7 of 24)[3] The complaint was dismissed with prejudice against defendants Meadows and Johnson on initial review. (Docs. 3-4)

This matter was referred to the Magistrate Judge on October 18, 2013. (Doc. 4, p. 3) The order of referral instructed the Magistrate Judge to "*sua sponte* recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2)." (Doc. 4, p. 3)

The Magistrate Judge entered a R&R on August 12, 2014 (Doc. 74) recommending that defendant McLeod's March 25, 2014 motion to dismiss (Doc. 52) be granted, and the case against him be dismissed with prejudice. The District Judge accepted and approved the R&R on October 10, 2014. (Doc. 78)

Defendant Deck filed a motion for summary judgment on January 12, 2015, an accompanying statement of undisputed facts, her personal affidavit, the declaration of defendant Harvey with attachments, and a supporting brief. (Docs. 81-82) Plaintiff did not respond to defendant Deck's motion for summary judgment, nor did he move for an extension of time to do so.

Defendants Melton and Harvey filed a motion for summary judgment on March 23, 2015. (Doc. 87) Defendants Melton and Harvey also filed a supporting memorandum, a statement of undisputed facts and extensive documentation, much of which was filed under seal. (Docs. 89-94) Plaintiff also did not respond to defendants Melton and Harvey's motion for summary judgment

---

[3] Plaintiff numbered the pages of the continuation of the statement of facts repeating page numbers already used in the form-complaint that he filed. To eliminate confusion, references to page numbers in Doc. 1, *i.e.*, the complaint, are to the page numbers assigned by the court's CMECF system.

nor, once again, did he move for an extension of time to do so.

Defendants' motions for summary judgement are now properly before the court. This matter is set for trial on August 25, 2015. (Doc. 58)

## II. ANALYSIS

### A. Summary Judgment Standard

Summary Judgment is appropriate only where "there is no genuine issue as to any material fact . . . and the moving party is entitled to summary judgment as a matter of law." Rule 56(c), Fed. R. Civ. P.; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see Sierra Club v. ICG Hazard, LLC*, 781 F.3d 281, 284 (6th Cir. 2015). A "genuine issue of material fact" is a fact that, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(citation omitted).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 249-50. "While all inferences are drawn in favor of the non-moving party," the non-moving party "still must present some affirmative evidence supporting its position to defeat an otherwise appropriate motion for summary judgment." *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008)). The non-moving party must adduce either direct or circumstantial evidence to prevail. *See Upshaw v. Ford Motor Co.*, 576 F.3d 576, 584 (6th Cir. 2009). "'A 'mere scintilla' of evidence is not enough for the non-moving party to withstand summary judgment.'" *U.S. ex. Rel. Wall v. Circle C Const., L.L.C.*, 697 F.3d 345, 351 (6th Cir. 2012)(citation omitted).

3

## B. Claims Under § 1983

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution and/or laws of the United States; <u>and</u> 2) that the deprivation was caused by a person acting under color of state law. *Wershe v. Combs*, 763 F.3d 500, 504-05 (6th Cir. 2014). A successful § 1983 claimant also must establish that defendants acted knowingly or intentionally to violate his rights. *See Daniels v. Williams*, 474 U.S. 327, 333 (1986).

## C. Plaintiff's Failure to Respond to Defendants' Motions for Summary Judgment

As previously noted, plaintiff did not respond to defendants' motions for summary judgment. "Failure to respond to a moving party's statement of material facts . . . within the time periods provided by [the local rules of court] shall indicate that the asserted facts are not disputed for purposes of summary judgment." *Local Rules of Court*, LR56.01(g). Because plaintiff did not respond to the motions for summary judgment, the statements of undisputed facts filed by defendants Melton, Harvey, and Deck are deemed undisputed for the purpose of this analysis.

## D. Defendant Deck's Motion for Summary Judgment

Plaintiff alleges that defendant Deck was deliberately indifferent to his serious medical needs in violation of his rights under the Eighth Amendment.[4] (Doc. 1, ¶ IV.F, pp. 16-18) Plaintiff makes the two specific allegations discussed below against her.

First, plaintiff asserts that he became ill in January 2012, lost over 30 lbs., and suffered pain and dizziness for over a week. Plaintiff put in a sick call and, after defendant Deck examined him/took his vitals, she gave him 4 aspirin, a bottle of nasal spray, and allegedly told him he would

---

[4] Plaintiff's factual allegations were addressed in detail on initial review. (Doc. 3, pp. 2-4) As plaintiff has not amended his complaint, the court's previous summary of the factual allegations is incorporated herein by reference.

4

"just have to let it run its course." (Doc. 1, p. 16 of 24) Plaintiff avers that he "endured" cramps in his intestines, legs and stomach for over seven days "while 'it ran its course,'" he lost another 31 lbs., suffered diarrhea, and developed hemorrhoids. (Doc. 1, p. 17 of 24)

Plaintiff avers that he put in four additional sick calls from February 2012 to June 2013 in an effort to obtain relief because the "cream" defendant Deck later gave him for his hemorrhoids had no effect, and the aspirin provided only a few hours relief. (Doc. 1, p. 17 of 24) Plaintiff asserts that he put in a grievance on August 31, 2013, adding that he was "still awaiting an answer to the grievance" at the time he filed his complaint. (Doc. 1, p. 17 of 24)

Plaintiff claims next that he put in a sick call in December 2012 to see a dentist for a cavity, and that he saw defendant Deck "at least three times" between then and August 2013 during which time he was given pain medicine. (Doc. 1, pp. 17-18 of 24) According to plaintiff, the "pain medicine only relieve[d] for a few h[ours]." (Doc. 1, p. 18 of 24) After allegedly enduring 20 days of toothaches, plaintiff filed a grievance on August 31, 2013 to see a dentist. (Doc. 1, p. 18 of 24)

Defendant Deck presents the following arguments in her motion for summary judgment: 1) plaintiff's claims against her are time barred (Doc. 82, pp. 2-3); 2) plaintiff has failed to establish that she was deliberately indifferent to any serious medical needs (Doc. 82, pp. 3-10); 3) plaintiff failed to exhaust his administrative remedies prior to bringing this action in federal court (Doc. 82, pp. 10-12). The Magistrate Judge will address defendant Deck's exhaustion argument first.

### 1. Exhaustion

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[E]xhaustion is mandatory under the [PLRA] and . . . unexhausted claims cannot be

5

brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' – rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218. To establish that he has exhausted his administrative remedies, plaintiff must show that he pursued his administrative remedies through "one complete round" of the grievance procedure. *See Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003)(abrogated on other grounds by *Woodford v. Ngo*, 548 U.S. 81 (2006)). There are no futility or other exceptions to the exhaustion requirement under the PLRA. *Booth v. Churner*, 532 U.S. 731, 741 & n. 6 (2001); *see Cox v. Mayer*, 332 F.3d 422, 425, 427-428 (6th Cir. 2003)(exhaustion requirement applies to a former prisoner who filed his complaint without exhausting his administrative but has since been released from custody).

Defendant Harvey asserts the following in her declaration submitted in support of defendant Deck's motion for summary judgment: 1) during the period at issue in this action, inmates at OCJ could file grievances at any time by completing an inmate grievance form, and that the grievance forms "stated a the bottom that if an inmate wished to appeal a response to a grievance, the inmate must sign, date and return the form to the Supervisor for processing within five (5) days of receipt" (Doc. 81-3, ¶ 3, p. 2 of 51); 2) the copies of plaintiff's grievances attached to her declaration were "true and correct cop[ies] of all grievances . . . submitted to [the] Jail staff by the plaintiff between the dates of January 1, 2012 and September 20, 2013" (Doc. 81-3, ¶ 4, p. 2 of 51); 3) "[t]here is no record of . . . [plaintiff] . . . submitting any appeals of any grievance dispositions while in the Overton County Jail" (Doc. 81-3, ¶ 7, p. 2 of 51). Defendant Harvey's last assertion is corroborated by copies of 15 grievances filed by plaintiff while at OCJ in which plaintiff did not once appeal the

response to any grievance,[5] including the two grievances at issue that pertain to his medical care. (Doc. 81-3, pp. 10, 13, 16, 26-28, 31-32, 42, 44, 46, 48, 50-51 of 51)

As to the two grievances at issue, the forms themselves show that plaintiff complained that he had a "bloody hemorrhoidal problem that ha[d] been plaguing [him] for about 2 yrs," that the "hemorrhoidal cream . . . [he] . . . receiv[ed]" was not giving him any relief, and that he wanted to see a doctor "that specialize[d] in this type of problem . . . ." (Doc. 81, Ex. 2, p. 22 of 68) In the second grievance, plaintiff complained that he had been trying to get a cavity filled for over a year, and that the "[O]rajel pain med [wa]s not sufficient . . . for very long . . . ." (Doc. 81, Ex. 2, p. 23 of 68) Both forms show that defendant Deck received the grievances on September 3, 2013, and that she replied to plaintiff the same day. The two grievance forms also show that plaintiff did not check the space on the form indicating that he wanted to appeal defendant Deck's responses, nor did he sign and date the forms signaling his intent to do so.

It is apparent from record before the court that plaintiff did not exhaust his administrative remedies as to those claims he asserts against defendant Deck. The grievances do not allege that defendant Deck was deliberately indifferent to his serious medical needs, nor can such an inference be liberally construed from the grievance narratives. Plaintiff complains only that the treatment he received was not working and he wanted to see a doctor and a dentist. The forms also are clear on their face that plaintiff did not seek to appeal the responses to his grievances. Moreover, it is clear from his statement in the complaint that he was "still awaiting an answer to the grievance" that plaintiff did not exhaust his administrative remedies as to these grievances prior to bringing this action in federal court. Title 42 U.S.C. § 1997e(a) requires prisoner plaintiff's to exhaust their

---

[5] Plaintiff filed numerous other grievances while at OCJ complaining of alleged discrimination in treatment of inmates, unjust punishment, adequacy of food for inmates who cleaned the pods, guards interfering with in-cell access to pastors, failure to deliver promised Bibles, interference with regular and legal mail, unauthorized change of recreational time, unauthorized stip searches, unsanitary living conditions, insufficient towels, incompatible cell mates.

7

administrative remedies prior to filing suit in federal court.

For the reasons stated above, the complaint against defendant Deck is subject to dismissal for failure to exhaust. Nor, for reasons previously explained, is plaintiff absolved from the PLRA's exhaustion requirement because OCJ's grievance process is no longer available to him. Although plaintiff's failure to exhaust constitutes mandatory dismissal of this action against defendant Deck, it is not lost on the Magistrate Judge that, absent evidence that the OCJ grievance procedure is set forth in an inmate handbook, or some other jail publication available to prisoners, an option to appeal printed on the bottom of a grievance form might be viewed in some quarters as falling short of a "procedural rule" that plaintiff was required to follow. Therefore, the Magistrate Judge will address plaintiff's Eighth Amendment claim against defendant Deck on the merits.

### 2. Plaintiff's Eighth Amendment Claim Against Defendant Deck

"[A] prisoner's Eighth Amendment right is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs." *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013)(citations omitted). However, complaints of malpractice or allegations of negligence are insufficient to entitle plaintiff to relief under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). A prisoner's difference of opinion regarding treatment also does not rise to the level of an Eighth Amendment violation. *Estelle*, 429 U.S. at 107. Finally, "[w]here a prisoner has received some medical attention," but disputes the "adequacy of that treatment, the federal courts are generally reluctant to second-guess medical judgments and constitutionalize claims that sound in state tort law." *Graham ex rel Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004)(citation omitted).

Defendant Dent asserts in her affidavit that she examined and treated plaintiff numerous times during the period at issue. (Doc. 81, Ex. 2, ¶¶ 8-12, 16-21, 23, 26-29, 36, pp. 3-9 of 68)

8

Defendant Dent's affidavit is supported by the copy of plaintiff's OCJ medical records attached to her affidavit, as well as those medical records filed under seal in connection with defendant Melton and Harvey's motion for summary judgment. (Doc. 81, Ex. 2A, pp. 17, 19-20, 22, 28, 33-37; Doc. 94, Ex. I, K-P, BB-CC, II, MM, SS, UU) Given that defendant Dent provided medical treatment to plaintiff throughout the period in question, it is obvious that plaintiff merely disputes the adequacy of the treatment provided. As established above, where a prisoner-plaintiff merely disputes the adequacy of medical care provided, an Eighth Amendment claim will not lie. In short, plaintiff's Eighth Amendment claim against defendant Dent is subject to dismissal for failure to state a claim on which relief may be granted.

### D. Defendant Melton and Harvey's Motion for Summary Judgment

Plaintiff alleges generally that defendant Melton's policy of not transferring prisoners to a TDOC facility where they could receive needed medical and mental care violated his rights under the Eighth Amendment. (Doc. 1, p. 21 of 24) Plaintiff alleges specifically that "[i]t was 'rumored'" defendant Melton told defendant Harvey not to transfer anyone to a TDOC prison "unless it was in the best interest of the jail . . . ." (Doc. 1, p. 10 of 24) Apart from this single allegation, defendant Melton is not mentioned anywhere else in the statement of facts.

Plaintiff's allegations against defendant Harvey are that: 1) "[i]t was 'rumored'" she was told by defendant Melton not to transfer anyone to a TDOC prison "unless it was in the best interest of the jail . . . ." (Doc. 1, p. 10 of 24); 2) he was told by OCJ officers Jenkins and Alred that defendant Harvey's policies would not permit him to obtain copies of his complaint, paper, pencil, or envelopes (Doc. 1, p. 19 of 24); 3) defendant Harvey's policies hindered his access to the courts (Doc. 1, p. 19 of 24). Apart from these allegations, defendant Harvey is not mentioned further in the statement of facts.

9

Defendants Melton and Harvey argue as follows in support of their motion for summary judgment: 1) they are not liable in their official capacity because process was not served on the County of Overton (Doc. 89, pp. 14-15 of 35); 2) "many" of plaintiff's claims are barred by the statute of limitations (Doc. 89, pp. 16-18 of 35); 3) plaintiff failed to exhaust his administrative remedies (Doc. 89, pp. 16-18 of 35); 4) plaintiff's First and Eighth Amendment claims fail to state a claim on which relief may be granted (Doc. 89, pp. 18-31 of 35); 5) they are not liable under the doctrine of *respondeat superior* (Doc. 89, pp. 32 of 35); 6) they are entitled to qualified immunity (Doc. 89, pp. 32-34 of 35). The Magistrate Judge will address only those arguments necessary to recommend disposition of this case.

### 1. Exhaustion

Defendants Melton and Harvey argue that plaintiff did not appeal the responses to any of the grievances that he filed and, as such, he failed to complete one complete round of the available grievance process. As previously noted above at pp. 6-7, plaintiff did not appeal any of the 15 grievances he filed while incarcerated in OCJ. Therefore, defendant Melton and Harvey's argument is factually correct. Even more basic, however, is the fact that none of the allegations against defendants Melton and Harvey enumerated above were the subject of any grievance, *i.e.*, there is nothing in the grievances about any OCJ policy not to transfer its prisoners to TDOC, the alleged inability to obtain copies, paper, pencils, and or envelopes, or problems with filing legal documents due to OCJ policy, or claims that the acts and/or omissions of OCJ officials denied him access to the courts. In addition to the two medical grievances already discussed, the remaining 13 grievances pertained solely to those complaints summarized above at p. 7 n. 4. A plain reading of the grievances also reveals that they were not aimed at defendants Melton and/or Harvey – they were aimed at the alleged acts and/or omissions of others, corrections officers and other inmates alike.

As explained above, plaintiff's action against defendants Melton and Harvey should be dismissed for failure to exhaust. Although plaintiff's failure to exhaust constitutes mandatory dismissal of this action as to defendants Melton and Harvey, for reasons previously explained, the Magistrate Judge will address the merits of plaintiff's claims against defendants Melton and Harvey, again only to the extent necessary to recommend disposition of the case.

### 2. Alleged Refusal to Transfer Prisoners to a TDOC Facility

Plaintiff's only discernable claim against <u>both</u> defendants Melton and Harvey is that they prevented OCJ prisoners from being transferred to TDOC. Plaintiff provides the following factual allegations in support of this claim: 1) he was in constant fear of harm (Doc. 1, p. 10 of 24); 2) rehabilitative programs available at a TDOC prison were not available at OCJ (Doc. 1, p. 10 of 24); 3) officers were spreading the word in the general population about sex offenders, including plaintiff (Doc. 10, p. 11 of 24); 4) officers used derogatory words to describe plaintiff and other sex offenders. The law is firmly established that prisoners have no constitutional right to be confined in a particular prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983). Plaintiff also does not allege, nor can it be liberally construed from the complaint, that he suffered actual harm during the time he was at OCJ. An inmate's subjective fear that he will suffer some kind of harm as a result of official misconduct is insufficient to state a claim under §1983. *See Preiser v. Newkirk*, 422 U.S. 395, 403 (1975). As to plaintiff's claim that OCJ offers no rehabilitative programs, whereas TDOC does, prisoners have no constitutionally cognizable right to participate in rehabilitative programs. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). Finally, without more, verbal harassment and idle threats of the nature described in the complaint do not rise to the level of a constitutional violation. *Wingo v. Tennessee Department of Correction*, 499 Fed.Appx. 453, 455 (6th Cir.

2012)(citation omitted).

As shown above, plaintiff's claim that defendants Melton and Harvey prevented prisoners from being transferred from OCJ to a TDOC facility is without merit. Consequently, this claim is subject to *sua sponte* dismissal for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3. Plaintiff's Remaining Claims Against Defendant Harvey

Apart from his specific allegation that defendants Harvey and Melton prevented his transfer to a TDOC facility, plaintiff provides no factual allegations to support his other claims against defendant Harvey, enumerated above at pp. 9-10, both of which allege a First Amendment denial-of-access claim. Indeed, a plain reading of the complaint reveals that plaintiff's denial-of-access claims only implicate the acts and/or omissions of others at OCJ. None implicate defendant Harvey's personal involvement.

The law is well established that liability under §1983 cannot be premised solely on a theory of *respondeat superior*. *Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). Supervisory officials are not liable in their individual capacities unless they "either encouraged the specific incident of misconduct or in some other way directly participated in it. *Heyerman*, 680 F.3d at 647. At a minimum, a plaintiff must show that the official(s) "'at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Heyerman*, 680 F.3d at 647 (citation omitted). Moreover, where a state actor's role is limited to the "'denial of administrative grievances, or the failure to act' by prison officials does not subject supervisors to liability under § 1983" in their individual capacity. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008)(citation omitted). This last point of law is of particular relevance to defendant

12

Harvey who, as the record shows, signed 10 of the 15 grievances plaintiff filed.[6] Supervisory officials also are not liable in their official capacity unless the alleged violation was the result of "'a . . . policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 311 (6th Cir. 2005)(citation omitted).

Plaintiff does not allege, nor can it be liberally construed from the complaint, that defendant Harvey implicitly authorized, approved, or knowingly acquiesced in the alleged acts and/or omissions of those under her supervision at OCJ. Consequently, defendant Harvey is not liable in her individual capacity under § 1983. Moreover, as the complaint does not mention the County of Overton anywhere in the statement of facts, plaintiff fails to establish a causal link between the alleged violations of his constitutional rights and any county policy and/or custom that led to those alleged violations. Consequently, plaintiff has failed to show that defendant Harvey is liable in her official capacity.[7]

As for the merits of plaintiff's denial-of-access claims, the law is well settled that a prisoner has a First Amendment right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821-823 (1977). The right of access to the courts requires prison officials to ensure that inmates have access to the courts that is "adequate, effective and meaningful." *Bounds*, 430 U.S. at 822. However, it is not enough for plaintiff simply to claim that he was denied access to the courts. To state a claim on which relief may be granted, plaintiff must show that a defendant's conduct in some way

---

[6] The record shows that defendant Deck signed 2 of the 15 as the supervisor, and the remaining 3 (Doc. 81, Ex. 3, pp. 28, 46, 48) were not signed by any member of the OCJ staff.

[7] The Magistrate Judge notes for the record that the foregoing analysis applies equally to plaintiff's claim against defendant Melton.

prejudiced the filing or prosecution of a legal matter. *See Lewis v. Casey*, 518 U.S. 343, 343, 352-55 (1996)).

Although the plaintiff asserts that defendant Harvey's alleged actions/policies hindered his access to the courts, he does not allege, nor can it be liberally construed from the complaint, that he was prejudiced by those alleged actions/policies.[8] Indeed, the complaint is devoid of any supporting factual allegations whatsoever. Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), the law is well established that the courts are not willing to abrogate basic pleading essentials in *pro se* suits, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). A "'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Saltire Indus., Inc. v. Waller, Lansden, Dortch & Davis, PLLC*, 491 F.3d 522, 526 (6th Cir. 2007)(italics in the original, citation omitted). Conclusory claims such as those in plaintiff's complaint are subject to dismissal. *See Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985).

As shown above, defendant Harvey is not liable for the alleged acts and/or omissions of those under her supervision, nor has plaintiff shown that he was prejudiced in any way by defendant Harvey's alleged policies. Consequently, plaintiff's remaining claims against defendant Harvey are subject to *sua sponte* dismissal for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSIONS
### AND
### RECOMMENDATIONS

For the reasons explained above, the Magistrate Judge **RECOMMENDS** that: **1)** the motions

---

[8] The sole exception to this statement in the complaint occurred during the period April through July 2009 during which time plaintiff's alleged inability to research the law led to his late filing of a motion in the state trial court. (Doc. 1, p. 16 or 24) Defendant Harvey was the OCJ administrator from May 3, 2010 to August 31, 2014. (Doc. 93, ¶ 2, p. 1 o7 17) Therefore, this factual allegation does not pertain to her.

for summary judgment presently before the court (Docs. 81 and 87) be **GRANTED**; **2)** this action be dismissed against the moving parties for failure to exhaust and for failure to state a claim on which relief may be granted; **3)** this action be **DISMISSED WITH PREJUDICE**; **4)** dismissal of this action **COUNT AS A STRIKE** under 28 U.S.C. § 1915(g); **5)** acceptance and adoption of this R&R constitute the **FINAL JUDGMENT** in this action; **6)** any appeal **NOT BE CERTIFIED** as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); **7)** any pending motions be **TERMINATED AS MOOT**.

Under Rule 72(b), Fed. R. Civ. P., any party has fourteen (14) days from service of this R&R within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this R&R within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal of this R&R. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this the 8th day of July, 2015.

          s/ Joe B. Brown
          Joe B. Brown
          United States Magistrate Judge